UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:13-cr-200-T-23TBM
    8:14-cv-1449-T-23TBM

RONALD MARK NIXON, JR.
_____/

## **O R D E R**

Nixon's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for possession of a firearm in furtherance of a drug trafficking offense. Nixon pleaded guilty with the benefit of a plea agreement. Although a career offender, Nixon was granted a six-level downward departure and sentenced to 188 months. Under the terms of the plea agreement, Nixon waived his right both to challenge the calculation of his sentence and to appeal.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'").  The motion to vacate lacks merit.

## **BACKGROUND**[2]

> On the evening of October 28, 2012, in Pinellas County, in the Middle District of Florida, the defendant, Ronald Mark Nixon, Jr., was a passenger in a rental car driven by Kristopher Jamel Burgess. Members of the St. Petersburg Police Department (SPPD) observed that car driving recklessly before pulling into a gas station. An officer in a marked cruiser with lights flashing and siren on approached the car at the gas station. However, Burgess sped away from the officer and eventually parked in a residential area.
>
> Burgess got out of the car and fled on foot before being apprehended by the SPPD. The defendant remained in the car and was eventually ordered out by the SPPD. The officers searched the car and, among other things, found the following items in it: a J.P. Sauer & Sohn, model 1913, .32 caliber pistol, serial number 214773 (the firearm was located on the rear seat and had a round in the chamber); a bag on the rear seat that contained approximately 168.5 grams of marijuana; a bag on the floorboard near the driver's seat that contained approximately 65.5 grams of marijuana, a digital scale, empty baggies, and wrapping commonly used to wrap marijuana; and a Walther, model PPK/S, .380 caliber pistol, serial number 161263 (the firearm was located on the floorboard near the driver's seat and had a round in the chamber, as well as a magazine with additional rounds).
>
> The SPPD arrested the defendant and searched him. In doing so, the SPPD found a small amount of marijuana and

---

[2] This summary of the facts derives from the plea agreement (Doc. 31).

>approximately 100 small baggies, which were empty. The defendant agreed to be interviewed and, post-Miranda, stated, among other things, that the baggies on his person were going to be used to package marijuana and sell it. The defendant stated that the marijuana on the rear seat belonged to him and that he intended to break it into smaller amounts and sell it. The defendant, a convicted felon, also acknowledged knowing that there had been two handguns in the car.
>
>The marijuana seized from the car field-tested positive. Further, the Pinellas County Forensic Laboratory examined the narcotics and confirmed them to be marijuana. The marijuana from the rear seat weighed in total 140.1 grams. The marijuana found on the floorboard near the driver's seat weighed in total 59.6 grams.

## GROUNDS

Grounds one and two allege that, under *Alleyne v. United States*, ___ U.S. ____, 133 S. Ct. 2151, 2155 (2013), and *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013), Nixon's sentence was incorrectly determined. Affording a generous interpretation to his supplement (Doc. 5), ground five alleges (1) that the Section 924(c) conviction in this action cannot support a career offender sentence because possession of a firearm is not a violent offense and (2) that eligibility for a career offender sentence under Section 4B1.1(a), United States Sentencing Guidelines, requires that "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense."[3]

---

[3] Nixon's prior convictions earn him a career offender sentence. The prior convictions are (1) robbery and battery on an officer in a juvenile detention facility in 2008 and (2) aggravated assault on an officer with a deadly weapon in 2010. Contrary to Nixon's argument, a juvenile conviction can support a career offender sentence. *United States v. Burge*, 407 F.3d 1183, 1191 (11th Cir.) ("Accordingly, a prior non-jury juvenile adjudication that was afforded all constitutionally-required procedural safeguards can properly be characterized as a prior conviction for *Apprendi* purposes."), *cert. denied*, 546 U.S. 981 (2005).

Nixon waived the right to challenge the calculation of his sentence when he "expressly waive[d] the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range . . . ." Plea Agreement (¶6 at 16–17, Doc. 31)  The appeal waiver is routinely enforced.  *See, e.g., United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir.) ("An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error."), *cert. denied*, 544 U.S. 1041 (2005);  *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005) ("[T]he right to appeal a sentence based on *Apprendi/Booker* grounds can be waived in a plea agreement.  Broad waiver language covers those grounds of appeal."); *United States v. Buchanan*, 131 F.3d 1005, 1009 (11th Cir. 1997) ("Notwithstanding Buchanan's explicit reservation of the right to argue his position about that issue at sentencing, a right that he exercised, the issue was not exempted from the appeal waiver.  We enforce the appeal waiver according to its terms."); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993) ("We hold, therefore, that in most circumstances a defendant's knowing and voluntary waiver of the right to appeal his sentence will be enforced by this circuit."), *cert. denied* 513 U.S. 1051 (1994).  As a consequence, Nixon waived his right to challenge the calculation of his sentence.

This waiver and the consequent lack of an appeal of his sentence result in a procedural default of a challenge to the correctness of his sentence.  As explained in

*Page v. United States*, 440 Fed. App'x 767, 769 (2011),[4] Nixon is procedurally barred from challenging his career offender sentence:

> Page's claim that his below statutory maximum sentence violates the Sentencing Guidelines, as interpreted post-*Johnson*, is a non-constitutional claim. As such, if this claim could have been raised on direct appeal, Page is procedurally barred from raising it under § 2255. *See id*. at 1233. "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Id.* at 1232 n. 14 (quotation marks omitted).
>
> Page did not challenge his status as a career offender on direct appeal. In fact, Page did not file a direct appeal at all. Page offers no reason why he could not have raised his career offender status on direct appeal. "In procedural default cases, the question is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim was available at all." *Id.* at 1235. Where the basis of a claim is available, and other defense attorneys have recognized and litigated it, unawareness of the objection will not constitute cause to excuse a procedural default. *Jones v. United States*, 153 F.3d 1305, 1307–08 (11th Cir. 1998). Moreover, the fact that this Circuit's precedent may have been adverse to Page's claim does not mean that the appeal was "unavailable." A defendant's belief that his claim would have been futile "cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *See Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (internal citation and quotation marks omitted).
>
> Because Page's status as a career offender is a non-constitutional issue that he could have raised on direct appeal, it is not cognizable on collateral review under § 2255.

*See also Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012) ("The government concedes, and we take it as a given, that the Supreme Court's *Johnson* decision is retroactively applicable. That does not, however, mean that *Johnson* entitles Rozier to

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

§ 2255 relief from the application of the career offender enhancement in his case, from the resulting sentence, and from our decision affirming that sentence and rejecting his claim on direct appeal.  At least where there has been no intervening change in controlling law, a claim or issue that was decided against a defendant on direct appeal may not be the basis for relief in a § 2255 proceeding."), *cert. denied*, ___ U.S. ___, 133 S. Ct. 1740 (2013).

Nixon argues that he is "actually innocent" of his sentence.  In rejecting a procedurally barred claim that could have been raised on direct appeal,[5] *Bido v. United States*, 438 Fed. App'x 746, 748 (11th Cir. 2011), rejects an "actual innocence of sentence" argument and holds that "a petitioner's claim that a Sentencing Guideline provision was misapplied to him at sentencing is not a constitutional claim" that is reviewable under Section 2255.  *See also Gilbert v. United States*, 640 F.3d 1293, 1322–23 (2011) (*en banc*), *cert. denied*, ___ U.S. ___, 132 S. Ct. 1001 (2012), which rejects expanding "the *Sawyer [v. Whitley*, 505 U.S. 333 (1992)], actual innocence of sentence exception" beyond death penalty cases.

Moreover, "[n]either the Supreme Court nor this Court has held that *Descamps* applies retroactively on collateral review.  Beyond that, *Descamps* was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review." *Nipper v. Warden, FCC-Coleman*, 597 Fed. App'x 581, 583 (11th Cir. 2015), *petition for cert. filed*, No. 14-9750 (May 13, 2015).  *See also King v. United*

---

[5] Like Bido, Nixon procedurally defaulted his claim.  As stated above, under the terms of the plea agreement Nixon waived any challenge to the determination of his sentence.

*States*, ___ Fed. App'x ___, 2015 WL 1898394 (11th Cir. April 28, 2015) ("[N]either *Alleyne* nor *Descamps* apply retroactively on collateral review as required by § 2255(h)(2), and, thus, King's motion was not timely under § 2255(f)(3).").

Grounds three and four allege that trial counsel rendered ineffective assistance because no probable cause existed to support a conviction for the charged Section 924(c) offense. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), holds that a guilty plea waives a non-jurisdictional defect:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction. *See e.g., United States v. Patti*, 337 F.3d 1217, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings."), and *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."). A guilty plea waives a claim of ineffective assistance of counsel based on a pre-plea event, including a claim of ineffective assistance of counsel. *Wilson*, 962 F.2d at 997. Consequently, the entry of a guilty plea waives a claim (other than a jurisdictional challenge), including both a substantive claim and a purported failing of counsel that occurred before entry of the plea.

- 7 -

Nixon's argument that probable cause was lacking is preposterous. In his plea agreement Nixon (1) was arrested with the drugs and guns inside the car in which he was a passenger, (2) admitted to possessing drugs that he intended to distribute, and (3) admitted to knowing that there were two handguns in the car, including one that was on the back seat with the marijuana he that intended to package and sell.

Accordingly, the motion to supplement (Doc. 5) is **GRANTED**, the motion under Section 2255 to vacate the sentence (Doc. 1) is **DENIED**, and the motion to appoint counsel (Doc. 4) is **DENIED AS MOOT**. The clerk must close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Nixon is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Nixon must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Nixon is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Nixon must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 12, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE